## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARTIN ROY ROMERO                    )
                                     )
                    Petitioner,      )
vs.                                  )          NO.  CIV-05-1142-HE
                                     )
ERIC FRANKLIN, Warden,               )
                                     )
                    Respondent.      )

## ORDER

Petitioner Martin Roy Romero, a state prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas relief.  Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that habeas relief be denied.  The petitioner has filed an objection to the Report and Recommendation.

The petitioner was convicted of conspiracy to traffic in methamphetamine, trafficking in methamphetamine and using a minor to distribute methamphetamine.  He appealed those convictions to the Oklahoma Court of Criminal Appeals ("OCCA") and the appellate court reversed and remanded his trafficking conviction, directing that it be dismissed.  The OCCA affirmed the petitioner's remaining convictions and sentences.  The petitioner did not seek post-conviction relief from the state courts.

In his habeas petition the petitioner asserts the same four bases for relief raised in his direct appeal.   In ground one he contends that prosecutorial misconduct deprived him of a fair trial.   In ground three he contends there was insufficient evidence to support his

conspiracy conviction, and in grounds two and four he asserts double jeopardy claims.

The magistrate judge agreed with the respondent that the petitioner's double jeopardy claims are moot because they are based upon the petitioner's conviction for trafficking in methamphetamine that was reversed.[1] She rejected the petitioner's prosecutorial misconduct claim, finding that, because the alleged misconduct did not so infect the petitioner's trial with unfairness as to make the resulting convictions a denial of due process, the OCCA's rejection of the claim was not contrary to or an unreasonable application of Supreme Court law.  She also rejected the petitioner's claim challenging the sufficiency of the evidence supporting his conspiracy conviction.  The magistrate judge found that the OCCA's conclusion that the evidence was adequate constituted both a reasonable application of clearly established federal law and a reasonable determination of the facts in light of the evidence presented at trial.

In his objection the petitioner challenges the magistrate judge's determination that the evidence was sufficient to support his conspiracy conviction.[2]  He also asserts that he was unable to cite to specific portions of the trial transcript to support his claim of prosecutorial

---

[1]The magistrate judge noted that the petitioner agreed in his reply that the claims raised in grounds two and four are moot.

[2]The petitioner also asks why his two habeas cases have not been consolidated and questions the order in which he is serving his sentences. The cases were not consolidated as they dealt with different state charges and convictions.  As the petitioner did not raise the issue of the order in which he serves his sentences in his petition or otherwise present it to the magistrate judge, the court will not address it now. United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

misconduct because he did not have the transcript.

The court concurs with the magistrate judge and the petitioner that grounds two and four of the petition should be dismissed as being moot.  The court has reviewed de novo the remaining two grounds in the petition and finds that neither warrant habeas relief.  With respect to the petitioner's assertion that he needed the trial transcript to support his prosecutorial misconduct claim, the court notes that the magistrate judge considered, as if he had asserted them, the facts the petitioner relied upon in his direct appeal to support that claim and that the petitioner had been provided with the transcript pages she considered.  *See* Report and Recommendation, pp. 7-10; Petitioner's response  to respondent's response to habeas petition, p. 2 [Doc. # 15].   Under these circumstances and, in the absence of a claim that the state failed to provide the petitioner with a copy of the transcript for his direct appeal or more than a general assertion that the transcript is needed, the petitioner's objection to the magistrate judge's findings as to his prosecutorial misconduct claim on the basis that he lacked access to his trial transcript is not persuasive.

Accordingly, the court adopts Magistrate Judge Roberts' Report and Recommendation.  The arguments set out in grounds two and four of the petition are moot, as the petitioner acknowledges.  The remaining grounds afford no grounds for relief.  The petitioner's request for issuance of a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of April, 2007.  _____

JOE HEATON
UNITED STATES DISTRICT JUDGE